March 9, 2004

United States District Court of
For The District of Massachusetts
John Joseph Moakley US Courthouse
1 Courthouse Way
Boston, MA 02210

Russell J. Archibald, Complainant
    v.
Mel. R. Martinez, Secretary
Department of Housing and Urban Development

04 · 10503 MEL

Referred to MJ-JL Alexara

To whom it may concern:

In accordance with 42 U.S.C, Section 2000e I request the appointment of counsel by the District Court so I may file an employment discrimination civil action in the U.S. District Court in Massachusetts. At the present time I do not have an attorney and cannot afford an attorney. On February 19, 2004 I received a letter from the EEOC denying my request for review of the Summary Judgment Decision of the Administrative Law Judge in the above mentioned matter. This letter explained that this was the final decision and informed me of my right to now file a civil action in District Court.

In December 1999 I originally filed this matter and it has taken over five (5) years to complete the administrative process with none of the delays attributive to actions by the Complainant. The review by the EEOC of the Administrative Judges decision took over eighteen (18) months. Throughout the administrative process I represented myself simply put because I could not afford an attorney.

The case involves being passed over for a promotion in the Fall of 1999 by a non protected class individual with less education, experience and time on the job as the African American Complainant. The issues involve the selection process and why the Boston Regional Office instituted "local ranking factors" after the Complainant was ranked #1 by the selection HUD Personnel Office in Washington. At issue is also the criteria used by the local selecting official which was a pretext for discrimination.

The decision by the AJ to grant Summary Judgment was clearly erroneous. There were not one, but several disputes over the material facts in my case. The facts as to what transpired during the selection process were misrepresented as stated by the Boston Regional officials.

Supportive of my contention that at this time I am not in the position financially to pay for an attorney are the following facts. I am employed at the U.S. Department of Housing and Urban Development, Office of Fair Housing and Equal Opportunity as a Civil Rights Analyst. I have held this position for about seventeen (17) years at the same grade (pay level), but for the standard bi-annual pay increase all federal employees are given. As an

older federal employee these monies are consumed with the normal housing, utility, food, and cost of living expenses as every other traditional family. Over the past five (5) years my wife has been attending college as a full time student graduating in May 2003. After securing a full time job last year the company was sold in July 2003 placing her on the unemployment rolls where she remains at this time.

My financial situation became more burdensome in September 2003 when we were informed my wife's mother who is of Mongolian descent was diagnosed with stomach cancer. In late October after the realization there was little to no medical treatment available in Mongolia for her illness my wife traveled to Mongolia to bring her to the United States for treatment. The trip and medical expenses set me back quite a bit. Upon arrival in Rhode Island in early November we sort out diagnostic testing and treatment for her. Between Cat scan, x-rays, blood tests, and numerous examinations by specialist in the cancer medical profession bills became overwhelming. On January 9, 2004 my mother-in-law entered Rhode Island Hospital for the first of two operations. We were informed with the first operation and the subsequent taking of a new stomach cancer medicine she may fight off the illness. After four (4) weeks in the hospital no improvement was seen, so on February 9, 2004 a second operation was performed. At the time of this writing my mother-in-law has been in the Intensive Care Unit at Rhode Island Hospital for the last 14 days. The outlook for recovery is not good. Based on the foregoing over the last six (6) months I have been faced with extraordinary financial obligations due to the serious illness of an immediate family member.

42 U.S.C. Section 2000e states a District Court may appoint an attorney for the Complainant and may authorize the commencement of the civil action without the payment of fees. I ask this court to consider granting my request so I can have competent and effective representation to aggrieve the harm I have suffered. As this court knows the principal goal of Title VII of the Civil Rights Act of 1964 and the Equal Employment Opportunity Act of 1972 was to eradicate entrenched discrimination in the Federal Service. Simply stated, the question is to what degree, if at all, I deserve my day in court with effective legal representation.

Enclosed is a copy of a letter U.S. Representative James Langevin sent to the United States Embassy in Mongolia on our behalf in December 2003. The purpose of the letter was due to the serious nature of my mother-in-law's illness we attempted to gain Visas for my wife's younger brothers to visit the United States to be with their mother at these most troubling times. The letter addresses the serious nature of her illness and accompanied a letter from her attending physician.

Sincerely,

*Russell J. Archibald*
Russell J. Archibald
4 Norwich Drive
Johnston, R.I. 02919
Home Tel. 401-949-4119
Office Tel. 617-994-8309

JAMES R. LANGEVIN
2D DISTRICT, RHODE ISLAND

COMMITTEE ON ARMED SERVICES
SUBCOMMITTEES:
PROJECTION FORCES
TERRORISM, UNCONVENTIONAL THREATS
AND CAPABILITIES

SELECT COMMITTEE ON
HOMELAND SECURITY

WASHINGTON OFFICE:
109 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
TELEPHONE: (202) 225-2735
FAX: (202) 225-5976

DISTRICT OFFICE:
THE SUMMIT SOUTH
300 CENTERVILLE ROAD, SUITE 200
WARWICK, RI 02886
TELEPHONE: (401) 732-9400
FAX: (401) 737-2982

# Congress of the United States
## House of Representatives
### Washington, DC 20515-3902

December 3, 2003

Consul General
American Embassy
Ulaanbaatar, Mongolia

**Re: Non-immigrant Visa for Ariunbold & Ariunbeleg Ochirvaani**

Dear Consul General:

I write to you today on behalf of my constituent, Mr. Russell J. Archibald of Johnston, Rhode Island, United States of America.

Mr. Archibald has contacted my District Office regarding his mother-in-law, Javzandulam Renchindorj and his desire to invite her sons, **Ariunbold Ochirvaani (passport# E0075375)** and **Ariunbeleg Ochirvaani (passport# E0014299)**, of Mongolia. According to Mrs. Renchindorj's physicians and family, Mrs. Renchindorj's has been diagnosed with stomach cancer, which has now spread to her organs. They have further stated that her condition is extremely serious and she will be undergoing extensive treatment in the near future. Mr. Archibald and his family also state that they are confident that Ariunbold and Ariunbeleg will fully comply with all visitor visa requirements, in the event that such a visa is granted.

In accordance with all applicable rules and regulations, I respectfully ask for your utmost consideration upon receipt of a non-immigrant visa application from the Ochirvaani brothers, so that they may come and visit their mother during this very difficult time. If you should have any questions, please feel free to contact Ms. Emily Lafferty of my District Staff via email at Emily.Lafferty@mail.house.gov

Thank you for your time and consideration to this matter.

Sincerely,

*James R. Langevin*

James R. Langevin
Member of Congress