```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

RUSSELL J. ARCHIBALD,           )
          Plaintiff,            )
                                )
     v.                         )  C.A. No. 04-10503-MEL
                                )
MEL R. MARTINEZ,                )
Secretary, Department           )
of Housing and                  )
Urban Development,              )
          Defendant.            )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's motion for appointment of counsel is denied without prejudice and he is directed to inform the Court within 21 days of the date of this memorandum and order whether he wishes to proceed with this action.

## FACTS

On March 11, 2004, Russell Archibald, a resident of Johnston, Rhode Island, submitted a letter requesting that the Court appoint counsel for him so that he may file an employment discrimination action. Letter, p. 1. Archibald states that he wishes to challenge his rejection for a promotion in 1999, and claims that he has received a final decision from the Equal Employment Opportunity Commission ("EEOC") on his claims. Id. He further contends that he is "not in the position financially to pay for an attorney" based on his salary and financial situation. Id. at p. 1-2.

<u>ANALYSIS</u>

I.  <u>Appointment of Counsel Under Section 2000e-5</u>

Under Section 2000e-5, this Court may appoint an attorney for litigants who bring actions under Title VII of the Civil Rights Act. <u>See</u> 42 U.S.C. § 2000e-5(f)(1).  Section 2000e-5(f)(1) provides that:

> Upon application by the <u>complainant</u> and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

42 U.S.C. § 2000e5(f)(1) (emphasis added).

In reviewing a motion for appointment of counsel under Section 2000e-5(f)(1), the Court must consider (1) the merits of plaintiff's case (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability.  <u>Gadson v. Concord Hosp.</u>, 966 F.2d 32, 35 (1st Cir. 1992).  Any one of these factors may be determinative, <u>id.</u>, and the decision to appoint a lawyer is a matter left to the trial court's discretion.  <u>Andrews v. Bechtel Power Corp.</u>, 780 F.2d 124, 137 (1st Cir. 1985).  There is no constitutional right to appointment of counsel in civil cases.  <u>Id.</u>

1.  <u>The Merits of Plaintiff's Case</u>

Courts generally review the merits of a plaintiff's case by referencing the plaintiff's complaint.  <u>See, e.g.</u>, <u>Weir v. Potter</u>,

214 F. Supp. 2d 53, 55 (D. Mass. 2002).[1]  Here, Archibald's letter provides little to no factual basis that would enable the Court to make a determination on the merits of his claims.  Cf. Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 205 (2d Cir. 2003) (conclusory allegations of the complaint did not support appointment of counsel).

    2.  Efforts to Obtain Legal Representation

Similarly, the letter filed by Archibald does not contain any allegations whatsoever about his efforts to obtain legal representation.  Given this lack of information, the Court cannot

---

[1] The Court is reluctant, at this time, to make any determination whether the "letter" filed by Archibald should be deemed a complaint. The Court merely notes, without deciding, that litigants filing Title VII employment discrimination claims are subject to a 90-day limitations period that runs from the date of receipt of a "right to sue" letter, see 42 U.S.C. §2000e-5(f)(1); Rice v. New England College, 676 F.2d 9, 10-11 (1st Cir. 1982) (affirming dismissal of Title VII claim filed 91 days after receipt of EEOC's right-to-sue notification on ground that absent "a recognized equitable consideration, the court cannot extend the limitations period by even one day"), and that some courts have considered motions for appointment of counsel filed prior to the filing of a complaint to toll the limitations period, or in the alternative, have considered letters and other non-conforming documents filed by litigants to be complaints that toll the limitations period, whereas others have not. See, e.g., McClelland v. Herlitz, Inc., 704 F. Supp. 749, 750-751, (N.D. Tex. 1989) (pro se handwritten pleading was deemed a complain); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150-151 (1984) (mere filing of a "right-to-sue" letter absent any factual allegations did not qualify as a complaint under Rule 8 but stating in dicta that equitable tolling may apply where a motion for appointment of counsel is pending); Brown v. J.J. Case Co., 756 F.2d 48, 49 (7th Cir. 1985) (reversing, filing of a right-to-sue letter and a request for appointed counsel tolled the running of the 90-day period of limitations).

make any determination. <u>Jason v. Baptist Hosp.</u>, 872 F. Supp. 1575, 1580 (E.D. Tex. 1994) (where plaintiff contacted only one attorney about his claims and never met with another attorney, he was not reasonably diligent in his efforts to secure counsel).

    3. <u>Plaintiff's Financial Ability</u>

Although Archibald claims that he has been employed for seventeen years, he baldly states that he cannot afford an attorney and that he has burdensome expenses. Such allegations are insufficient to allow this Court to make a determination concerning plaintiff's financial ability. <u>Cf.</u> <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 269 (9th Cir. 1982) (standard of financial indigency to proceed <u>in forma pauperis</u> under § 1915 is greater than that under § 2000e-5(f)(1); because plaintiff was allowed to proceed <u>in forma pauperis</u> under § 1915, he lacked requisite financial ability to afford counsel under § 2000e-5(f)(1)); <u>Jason</u>, 872 F. Supp. at 1579 (same).

CONCLUSION

ACCORDINGLY, the motion for appointment of counsel is denied without prejudice. Archibald shall inform the Court, in writing, within twenty-one (21) days of the date of this Memorandum and Order ,whether he wishes to proceed with this action. If Archibald wishes to proceed, he shall at that same time take the appropriate steps to file an action in this Court, including but not limited to, the payment of a filing fee or the submission of an application to

proceed without prepayment of the filing fee.

The Clerk shall send Archibald an Application to Proceed Without Prepayment of the Filing Fee and a copy of "Step by Step: A Simple Guide to the Filing of a Civil Action" with this Memorandum and Order.

Dated at Boston, Massachusetts, this 5th day of April, 2004.

> s/ Morris E. Lasker
> MORRIS E. LASKER
> UNITED STATES DISTRICT JUDGE