```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

RUSSELL J. ARCHIBALD,          )
          Plaintiff,           )
                               )
     v.                        ) C.A. No. 04-10503-MEL
                               )
MEL R. MARTINEZ,               )
Secretary, Department          )
of Housing and                 )
Urban Development,             )
          Defendant.           )
```

### MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's motion to proceed without prepayment of fees is denied. Plaintiff shall pay the $150.00 filing fee within 35 days of the date of this order or this action will be dismissed without prejudice.

### FACTS

On April 5, 2004, I ordered plaintiff to inform the Court, in writing, within twenty-one (21) days of the date of the Memorandum and Order, whether he wished to proceed with this action and if so, to take the appropriate steps to file an action in this Court, including but not limited to, the payment of a filing fee or the submission of an application to proceed without prepayment of the filing fee. Archibald timely submitted an application to proceed without prepayment of fees and a letter stating that he was "in the process" of securing counsel and requesting that the Court inform him of "how much time I have to complete the process."

ANALYSIS

I.  The Application To Proceed Without Prepayment of Fees

A litigant seeking in forma pauperis status is not required to demonstrate absolute destitution and is not required to forego the necessities of life in order to pay the filing fee.  Adkins v. E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948).  Conversely, however, if a litigant can afford the basic necessities of life, in forma pauperis status is not mandated.  Diaz-Ojeda v. Toledo, 54 F.3d 764, 1995 WL 311724 at * 1 (1st Cir. May 22, 1995) (affirming; payment of filing fee would not deprive plaintiff of the necessities of life); cf. In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971) (stating that if an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, to "put his money where his mouth is.").

Here, I have carefully reviewed plaintiff's application to proceed without prepayment of fees.  Archibald is employed and earns a monthly salary of approximately $3,450.00, or an annual salary of over $41,000.00.  He has significant funds in a checking account and owns his own home valued at $345,000.00.  On this record, I find that plaintiff has sufficient funds to pay the $150.00 filing fee and thus deny the application.  See, Sears,

Roebuck and Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23-24 (2d Cir. 1988) (affirming; in forma pauperis applicant with $20,000 net income was not indigent); accord United States v. Valdes, 300 F. Supp. 2d 82, 84 (D.C. 2004) (denying application; defendant had total monthly income of over $500.00 per month, owned real estate valued at over $250,000 and two cars).[1]

## CONCLUSION

ACCORDINGLY, the application to proceed without prepayment of fees is denied.  Plaintiff shall pay the $150.00 filing fee for this action within thirty-five (35) days or this action shall be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this 29th day of  June , 2004.

> s/ Morris E. Lasker
> MORRIS E. LASKER
> UNITED STATES DISTRICT JUDGE

---

[1] Because courts may not issue advisory opinions, I express no view, at this time, on whether plaintiff's time to file this action has been equitably tolled during the pendency of this action or whether this action is timely. Golden v. Zwickler, 394 U.S. 103, 107 (1969) ("(T)he federal courts established pursuant to Article III of the Constitution do not render advisory opinions."); Ashcroft v. Mattis, 431 U.S. 171, 171 (1977) (per curiam) (for a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis but for an adjudication of present right upon established facts).  I simply note that 42 U.S.C. § 2000e-16(c) provides for a 90-day period for filing a complaint containing Title VII claims after the issuance of a "right-to-sue" letter by the EEOC.