**In the United States District Court**
**District of Massachusetts**



Russell J. Archibald
Plaintiff
    v.                            CIVIL ACTION NO.
U.S. Department of Housing
And Urban Development          04 cv 10503 MEL
Defendant

## Amended Complaint

### JURISDICTION AND VENUE

1. In this civil action for damages to redress the deprivation of rights secured to the Plaintiff, jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343 (1970), 29 U.S.C. 151 et. Seq. (1970) and 42 U.S.C. 2000e et seq., as amended (Supp. II 1972).

2. The jurisdiction of this Court is invoked to secure protection of and to redress Deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. 2000e et seq. (Supp. II, 1972). [hereinafter, "Title VII"] providing for relief against discrimination in employment on the basis of race; the thirteenth amendment to the United States Constitution and 42 U.S.C. 1981 (1970) providing for the equal rights of all persons in every state and territory within the jurisdiction of theUnited States; the fourteenth amendment to the United States Constitution and 42 U.S.C. 1983 (1970) providing for the redress of deprivation for relief from conspiracy to deprive persons of their civil rights; and 42 U.S.C. 1988 (1970) providing for the protection of all persons in their civil rights. Jurisdiction of this Court is also invoked pursuant to 29 U.S.C. 151 et seq. (1970), based on violations of the duty of fair representation owed to the plaintiff.

3. The unlawful employment practices alleged below were and are being committed within the State of Massachusetts.

### PARTIES

4. Plaintiff Russell J. Archibald is a Black male citizen of the United States and a resident of Johnston in the State of Rhode Island. Plaintiff Archibald is now and has since 1988 been employed by Defendant United States Department HUD in Boston, and is now and has been a member in good standing of Defendant U.S. Department of HUD.

5. Defendant United States Department of HUD [hereinafter HUD] has continuously been and is now maintaining an office in the City of Boston, State of Massachusetts, where it is engaged in overseeing Government programs.

## ADMINISTRATIVE PROCEDURE

6. Within 180 days of the occurrence of the acts of which I complain, Complainant charges of employment discrimination were filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff herein on or about December 31, 1999, against HUD.

7. On December 22, 2003, Plaintiff received a "Notice of Right to Sue" from the Office of Federal Operations of the Equal Employment Opportunity Commission, entitling him to institute a civil action in the appropriate Federal District Court within ninety (90) days of the date of receipt of said notice. A request for reconsideration of the Final EEOC decision was accepted in February 2004.

## STATEMENT OF CLAIM

8. At all times material to this action, all matters regarding compensation, terms, Conditions, rights, and privileges of employment of the Plaintiff has been governed and controlled by a collective bargaining agreement. The Defendant intentionally engaged and continues to intentionally engage in unlawful employment practices and policies at the Boston Office of Fair Housing and Equal Opportunity, in violation of Section 703 of Title VII, 42 U.S.C. Section 2000e-2. Under and pursuant to the terms of the aforementioned collective bargaining agreement, the Defendant has established a hiring, promotional and seniority system which has the effect of continuing and preserving the Defendant's policy, practice, custom and usage of limiting the employment and promotional opportunities of black employees.

The Plaintiff is a member of a protected class, and was ranked by the Office Personnel Management as the best qualified applicant. A white employee with less education, experience, and years of service was the successful applicant selected for the position. For which the Plaintiff was an applicant.

1. The Plaintiff alleges the "Local Ranking Factors" used in the selection process were a pretext for discrimination and not probative of the Public Trust position because they relied on responsibilities unrelated to the Plaintiff's job performance.

2. The Plaintiff alleges the "Local Ranking Factors" used are impermissible unless shown by professionally acceptable methods to be predictive of

or significantly correlated with important elements of work behavior which comprise or are relevant to the job which an applicant is being evaluated. The Plaintiff further alleges these criteria of "promotability" are not measures of job performance of a civil rights analyst (investigator).

The discriminatory practices include, but are not limited to the following:

A. Failing to transfer and promote qualified black employees because of Their race;

B. Maintaining policies and practices with respect, but not limited to, wages, job assignments and other terms and conditions of employment which unlawfully operate to deny equal opportunities Black employees;

C. Maintaining policies and practices which utilize subjective, non-job related Hiring criteria, which criteria operate to disparate and adversely affect Blacks;

D. Failing and refusing to take affirmative action to correct the effects of the Discriminatory policies and practices complained of herein.

9. The affect of the policies and practices complained of in paragraph eight (8) above, has been to deprive Black persons of equal employment opportunities and otherwise adversely to affect their status as employees because of their race.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court to advance this case on the docket, order a speedy hearing at the earliest practicable date, and cause this case to be in every way expedited and upon such hearing to:

1. Order defendant to make whole Russell J. Archibald adversely affected by the policies and practices described herein by providing appropriate back pay and reimbursement for lost pension, Social Security, experience, training opportunities and other benefits in an amount to be shown at trial, and other affirmative relief including, but not limited to, an affirmative action program designed to eliminate the effects of the discriminatory practices complained of herein; and grant the plaintiff a Senior E.O. Specialist position Grade 13/14 Step 5. Money damages in the amount of $25,000 for pain and suffering.

2. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law and require Defendant to file such reports as the Court deems necessary to evaluate such compliance; and

3. Grant Plaintiff, his attorneys' fees, costs, and disbursements; and

4. Grant such additional relief as the Court deems proper and just.

Respectfully submitted,

*Russell J. Archibald*
Russell J. Archibald