```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

RUSSELL ARCHIBALD,              )
                                )
         Plaintiff,             )
                                )
    v.                          )     Civil Action No. 04-10503-MEL
                                )
UNITED STATES DEPARTMENT OF     )
HOUSING AND URBAN DEVELOPMENT,  )
                                )
         Defendant.             )
```

OPPOSITION TO PLAINTIFF'S REQUEST FOR DEFAULT
AND MEMORANDUM IN SUPPORT OF THE UNITED STATES'S
CROSS-MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
TO REQUIRE THE PLAINTIFF TO EFFECT PROPER SERVICE
<u>ON THE DEFENDANT</u>

The United States of America hereby opposes plaintiff's request for an order of default against the United States Department of Housing and Urban Development. The Court should deny Plaintiff's request because he failed to properly serve the federal government. Further, the United States submits this memorandum, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, in support of its Motion To Dismiss, Or, In the Alternative, To Require the Plaintiff To Effect Proper Service on the Defendant. For the reasons stated below, the Court should deny plaintiff's request and dismiss the complaint because of the plaintiff's failure to properly serve the defendant in accordance with Rule 4(i)(2) of the Federal Rules of Civil Procedure. Alternatively, if the Court declines to dismiss the complaint at this time, the Court should require the plaintiff to effect proper service on the defendant within 20 days, and if proof of

proper service is not submitted within 10 days thereafter, the Court should then dismiss the case.

## BACKGROUND

The plaintiff, Russell Archibald, filed his complaint on August 4, 2004.  See Docket Entry No. 6.  The complaint alleges, *inter alia,* that the United States Department of Housing and Urban Development (US-HUD), where he is employed, discriminated against him on the basis of his race.  The docket for this action records that Plaintiff served the US-HUD on August 17, 2004.  However, Plaintiff did not serve the Attorney General for the United States or the United States Attorney for the District of Massachusetts.

## ARGUMENT

A.  The Court Should Deny Plaintiff's Request For An Order Of Default And Dismiss The Case Pursuant To Fed. R. Civ. P. 12(b)(5) For Insufficiency Of Process

The requirements of service are jurisdictional in nature; absent service or a proper waiver by the defendant, a court cannot adjudicate the rights of the parties.  See United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992)("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction"); see also Omni Capital International v. Rudolf Wolff & Co., Ltd, 484 U.S. 97, 103

(1987).  It is the burden of the Plaintiff to establish that proper service has been effected.  United States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988).

By its clear terms, Rule 4(i)(1) of the Federal Rules of Civil Procedure provides that service upon the United States shall be effected by delivering or mailing (by registered or certified mail) a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, and by mailing a copy of the summons and complaint to the Attorney General at Washington, D.C.  See Fed. R. Civ. P. 4(i)(1)(A), and (B).  Rule 4(i)(2)(A) further provides that a plaintiff must also send a copy of the summons and complaint by registered or certified mail to the agency.  As stated above, Plaintiff has failed to serve the Attorney General for the United States and the United States Attorney for the District of Massachusetts, and, therefore service of process is insufficient.

Proper service should not be considered an empty procedural exercise.  Williams v. Jones, 11 F.3d 247, 254-255 (1st Cir. 1993).  In fact, without proper service, no valid judgment can be obtained against the United States.  4A Wright & A. Miller, Federal Practice and Procedure, Civil 2d § 1106 at 146 (1987). The proper administration of defensive litigation by the Department of Justice, including appropriate delegation and assignment of responsibilities, depends in large part upon proper

3

receipt of a summons and complaint by the United States Attorney's Office, the Attorney General, and the named agency pursuant to Rule 4(i).

Where a plaintiff has failed to serve the United States properly under Rule 4(i), the appropriate remedy is to dismiss the case. See, e.g., McGregor v. United States, 933 F.2d 156 (2d Cir. 1991); McLamb v. U.S. Dept. of Treasury, 858 F. Supp. 1042 (S.D. Cal. 1994); Dutkiewicz v. Foster, 88 F.R.D. 85 (D. Mass. 1980)(dismissing a *pro se* plaintiff's action for failure to comply with Fed. R. Civ. P. 4).[1]  The fact that plaintiff is *pro se* does not excuse him from failing to properly serve the United States.  Indeed, there is "a long line of authority rejecting the notion that pro se litigants in either civil or regulatory cases are entitled to extra procedural swaddling." Eagle Eye Fishing

---

[1]    A few circuits have held that Rule 4 should not be construed so rigidly as to require dismissal for "technical" defects in service upon the government.  The factors considered by these courts are (1) whether the necessary parties in the government have actual notice of the suit; (2) whether the government suffers prejudice from the defect; (3) whether there is a justifiable excuse for the failure to serve properly; and (4) whether the plaintiff would be severely prejudiced if the complaint were dismissed.  See Gargano v. I.R.S., 207 F.R.D. 22, 23 (D. Mass. 2002); Zankel v. United States, 921 F.2d 432, 436 (2nd Cir. 1990).  These factors, however, would not justify denial of the government's motion.  Here, plaintiff provides no evidence that the Attorney General or the United States Attorney's Office had any knowledge of his suit prior to receiving notice that he had requested an order of default against the United States.  Moreover, there is no justifiable excuse for the plaintiff's failure to properly serve the complaint.

4

Corp. v. U.S. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994). Accordingly, because the plaintiff failed to comply with the clear and mandatory requirements of Fed. R. Civ. P. 4(i), the Court should deny Plaintiff's request for an order of default and dismiss the complaint.

> B. Alternatively, The Court Should Require The Plaintiff To Effect Proper Service On The United States Within 20 Days

In the event the Court decides that the complaint should not be dismissed, the Court should require the plaintiff to make proper service within 20 days. In limited circumstances, courts have declined to dismiss a case where service of process was insufficient, and instead directed the plaintiff to make proper service. See Fed. R. Civ. P. 4(m); cf. Williams, 11 F.3d at 254-255 (in an action to enforce an award by an administrative law judge, the court held that service requirements of Rule 4 applied to such an action, and, without further explanation, remanded the case so that the plaintiff could properly serve the enforcement petition on the defendant).

If the Court finds that the plaintiff's complaint should not be dismissed in this instance, the Court should require the plaintiff to effect proper service on the United States within 20 days. If proof of proper service is not submitted within 10 days thereafter, the Court should then dismiss the case.

CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's request for an order of default against the United States and dismiss the complaint.  Alternatively, if the Court denies the United States's motion, it should order the plaintiff to effect proper service on the United States within 20 days, and if proof of proper service is not submitted within 10 days thereafter, the Court should then dismiss the case for insufficient service of process.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney
Moakley Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3398

Dated: April 4, 2006

**CERTIFICATION UNDER L.R. 7.1**

I certify that in accordance with Local Rule 7.1 I have attempted to confer with the *pro se* Plaintiff in order to resolve the issues addressed in this Motion but was unable to reach him.

 /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                       Boston, Massachusetts
                                                   April 4, 2006

    I certify that on April 4, 2006, I caused a copy of the foregoing Motion to be served on Plaintiff, Russell Archibald, 9 Norwich Drive, Johnston, RI 02919, by first class mail, postage pre-paid.

                                               /s/ Damian W. Wilmot
                                              DAMIAN W. WILMOT
                                              Assistant U.S. Attorney