**In the United States District Court**
District of Massachusetts

FILED
IN CLERKS OFFICE
2006 MAY -2  P 4: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Russell Archibald, ) | Civil Action No. |
| Plaintiff ) | 04cv10503 MEL |
| ) | |
| v. ) | |
| ) | |
| U.S. Department Of Housing ) | |
| And Urban Development, ) | |
| Defendant. ) | |

### OPPOSITION TO DEFENDANT'S "CROSS-MOTION TO DISMISS OR IN THE ALTERNATIVE TO REQUIRE THE PLAINTIFF TO EFFECT PROPER SERVICE ON THE DEFENDANT"

Russell J. Archibald, Plaintiff pro se, hereby opposes Defendant's request for an order dismissing the complaint filed herein against the United States Department of Housing and Urban Development. The court should deny Defendant's request for the following reasons:

1. The deficiency complained of has been cured. On 21 April, 2006, this Plaintiff caused a true copy of the complaint filed herein to be served on the both the Attorney General for the United States and on the United States Attorney for the District of Massachusetts, by certified mail.

2. The Department of Housing and Urban Development was properly served.

3. The Government has suffered no prejudice from the alleged defect.

4. Defendant was pro se and reasonably confused on the requirements of service by the paperwork distributed by the agency on how to pursue his rights.

5. The Plaintiff would be severely prejudiced if the complaint were dismissed.

### BACKGROUND

Plaintiff pro se, Russell Archibald, filed his complaint in August 2004 and duly served the Department of HUD following the instructions provided to him. Having received no responsive pleadings Plaintiff filed his Motion to Dismiss only to discover that he had been required to serve Attorney General for the United States and The Office of the United States Attorney for the District of Massachusetts.

### ARGUMENT

Plaintiff agrees that "proper service should not be considered an empty procedural exercise" and requests no "extra procedural swaddling" due to his status as a pro se litigant, but says that the Federal Rules of Civil Procedure provide a remedy even for the inadvertence of council See Fed. R. Civ. P. and that the alleged deficiency has been remedied (see attached Certificate of Service which is incorporated herein by this reference). Plaintiff asserts:

1. that the applicable standard is indeed that set out in Gargano v. IRS, 207 F.R.D. 22,23 (D.Mass.2002) and Zankel v. United States, 921 F. 2nd 432,436 (2nd Cir 1990); as acknowledged by Defendant in its response and;

2. that the Plaintiff has met all of the requirements set forth therein.

Plaintiff respectfully requests that Defendant's cross motion be denied.

*[signature]*
Russell J. Archibald, Plaintiff pro se
9 Norwich Drive, Johnston, RI 02919
(401) 949-4119

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above was served by hand this __2__ day of May, 2006, on Damian W. Wilmot, Assistant U.S. Attorney at Moakley Federal Courthouse, One Courthouse Way, Ste 9200, Boston, MA 02210.

*[signature]*
Russell J. Archibald, Plaintiff pro se
9 Norwich Drive, Johnston, RI 02919
(401) 949-4119