**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
RUSSELL J. ARCHIBALD           )
     Plaintiff,                )
                               )   Docket No. 04-CV-10503-MEL
     v.                        )
                               )
U.S. DEPARTMENT OF HOUSING     )
AND URBAN DEVELOPMENT¹,        )
          Defendant.           )
_____)
```

**ANSWER**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Mel Martinez, Secretary of the U.S. Department of Housing and Urban Development ("Defendant" or "HUD"), responds to the Complaint of Plaintiff Russell J. Archibald as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. The allegations contained in Paragraph 1 of the Complaint constitute jurisdictional averments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies those allegations.

2. The allegations contained in Paragraph 2 of the Complaint constitute jurisdictional averments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies those allegations.

3. Defendant admits that the challenged employment acts and

---

¹ The defendant should properly be listed as Mel Martinez, Secretary of the U.S. Department of Housing and Urban Development. See 42 U.S.C. § 2000e-16(c).

decisions by the Defendant that form the basis of the Complaint took place in Massachusetts. However, to the extent that Plaintiff alleges that these acts and decisions constitute unlawful employment practices, Defendant denies those allegations.

4. Defendant admits that the Plaintiff is a Black male citizen of the United States. Defendant lacks knowledge and information sufficient to form a belief as to the truth of this Paragraph's allegations concerning Plaintiff's residence. To the extent that a response is required, Defendant admits that Plaintiff represented to HUD that he is a resident of Johnston, Rhode Island. Defendant admits that Plaintiff is now and has since 1988 been employed by HUD in Boston, Massachusetts. Defendant denies the remainder of the Paragraph.

5. Defendant admits that HUD currently operates an office in Boston, Massachusetts, and that it oversees government programs. However, to the extent that Plaintiff refers to facts and time periods outside of his dates of employment with HUD, the Defendant denies those allegations.

6. Defendant admits that Plaintiff filed an employment discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") against HUD. However, Defendant denies the remainder of the paragraph.

7. Defendant lacks knowledge and information sufficient to

form a belief as to the truth of this Paragraph's allegations concerning the date of Plaintiff's receipt of a "Notice of Right to Sue" from the Office of Federal Operations of the EEOC. Defendant admits that Plaintiff's request for reconsideration of the final EEOC decision was received by the EEOC in February 2004.  To the extent that Plaintiff alleges that the EEOC accepted or granted this request, Defendant denies those allegations.

8. Defendant admits that Plaintiff was a member of the American Federation of Government Employees with which HUD has a collective bargaining agreement.  Defendant denies those allegations contained in the remainder of the first Paragraph.

Defendant admits that Plaintiff is a member of a protected class and that he applied for the position of Public Trust Specialist in August 1999.  Defendant denies those allegations contained in the remainder of the second Paragraph.

8A. Defendant admits the allegations of Paragraph 8A of the Complaint.

8B. Defendant admits the allegations of Paragraph 8B of the Complaint.

8C. Defendant admits that on or about August 28, 1999, the Washington HUD Office of Personnel and Training forwarded its Rating and Ranking of applicants to the Boston HUD office for selection of a Public Trust Specialist.  Defendant denies the

remaining allegations of Paragraph 8C.

8D. Defendant admits that in early September, 1999, HUD organized a panel to evaluate the candidates on the list of qualified candidates submitted to the Boston HUD office by the Washington HUD Office of Personnel and Training.  However, defendant denies that Robert Buzza set up this panel.  Defendant admits that the panel evaluated the candidates on two local factors reflecting the needs of the Boston office, but to the extent that Plaintiff alleges that the panel evaluated the candidates solely on these two factors, Defendant denies those allegations.

8E. Defendant admits only that the panel, using the local factors, selected Linda Tuttle for the position of Public Trust Specialist and recommended her to the New England Director of Fair Housing and Equal Opportunities, Marcella Brown.  To the extent that Plaintiff alleges that the panel selected Linda Tuttle using solely the two local factors, the Defendant denies those allegations.

8F. Defendant admits that it sent Plaintiff a letter notifying him of his non-selection for the Public Trust Specialist position in November, 1999.  Defendant denies, however, that Plaintiff received the letter on November 15, 1999.

8G. Defendant denies the allegations contained in paragraph 8G.

8H. Defendant denies the allegations contained in paragraph 8H, including those contained in paragraphs 8(H)1-4.

9. Defendant denies the allegations contained in paragraph 9.

Defendant also denies each and every allegation to the Complaint not heretofore admitted, denied, or otherwise responded to.

## ADDITIONAL AFFIRMATIVE DEFENSES

1. Plaintiff is not entitled to recover punitive damages in this action against HUD, a federal government entity.

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred to the extent that he fails to set forth a prima facie case of employment discrimination on the basis of race.

4. Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-pretextual reasons.

5. Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under the National Labor Relations Act and Title VII.

6. To the extent that Plaintiff's claims are based on alleged disparate treatment, Plaintiff fails to compare himself

to a similarly situated employee.

7. To the extent Plaintiff's claims arise out of his employment with HUD and pursuant to the collective bargaining agreement between HUD and the American Federation of Government Employees, such claims are subject to arbitration.  Therefore, this Court lacks subject matter jurisdiction.

Defendant reserves the right to raise additional defenses which may become apparent during the course of discovery.

WHEREFORE, Defendant, having fully answered, prays that this action be dismissed with prejudice; that the Plaintiff take nothing by reason of her Complaint; and that the Defendant be granted its cost and such further relief as the Court may deem just.

                                        Respectfully submitted,

                                        Mel Martinez,
                                        Secretary of the U.S.
                                        Department of Housing and
                                        Urban Development

                                        By His Attorneys

                                        MICHAEL J. SULLIVAN
                                        UNITED STATES ATTORNEY

                    By:   /s/ Damian W. Wilmot
                                        Damian W. Wilmot
                                        Assistant U.S. Attorney
                                        District of Massachusetts
                                        John Joseph Moakley Courthouse
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        (617) 748-3398

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                    Boston, Massachusetts
                                                July 10, 2006

    I certify that I caused a copy of the foregoing Answer to be served on Plaintiff Russell J. Archibald, 4 Norwich Drive, Johnston, RI 02919, by first class mail, postage pre-paid.

                                          /s/ Damian W. Wilmot
                                        DAMIAN W. WILMOT
                                        Assistant U.S. Attorney